STATE OF MINNESOTA, *ex rel.* THEODORE. F. KNAPPEN, *vs.*
GILBERT CLOUGH.

May 9, 1876.

Constitution—County Attorney.—To be eligible to the office of county attorney
a person need not be an attorney and counsellor at law, nor admitted to prac-
tise as such in any of the courts of the state.

Appeal by defendant from an order of the district court
for Isanti county, *Vanderburgh*, J., presiding, overruling a
demurrer to the complaint.

*M. Q. Butterfield*, for appellant.

*George P. Wilson*, Attorney General, and *L. R. Corn-
man*, for respondent.

GILFILLAN, C. J. The action is in the nature of *quo
warranto* to oust defendant from the office of county attor-
ney of Isanti county, to which he was elected, on the ground
of his ineligibility to the office. The only ground of ineli-
gibility alleged is that he is not an attorney and counsellor
at law, nor has ever been admitted to practice as such in
any of the courts of the state. Section 7, art. 7, of the
constitution provides that " every person who, by the pro-
visions of this article, shall be entitled to vote at any
election, shall be eligible to any office which now is, or
hereafter shall be, elective by the people in the district
where he shall have resided thirty days previous to such
election, except as otherwise provided in this constitution,
or in the constitution and laws of the United States." The
only offices which, by the constitution, require additional
qualifications are those of judges of the supreme and district
courts.

That the provisions of section 7, article 7, are unwise in not
requiring proper qualifications for offices, the proper dis-
charge of the duties of which calls for the exercise of
peculiar learning and skill, there can be no doubt; but it is

v.23m—2

the constitutional rule, and we cannot add to it or take from it.

Order reversed.