STATE ex rel. SAMUEL TREBBY v. JAMES A. NICHOLS.[1]

April 12, 1901.

Nos. 12,542—(108).

### City of Little Falls—City Attorney.

Under the charter of the city of Little Falls a qualified voter is eligible to the office of city attorney. He need not be a duly-admitted attorney at law.

### Same—Salary.

His salary is to be fixed by the council at the time of his appointment. The charter does not require that the amount of such salary be determined by ordinance to be passed by the council and approved by the mayor.

Alternative writ of mandamus issued from the district court for Morrison county to compel defendant, as mayor of the city of Little Falls, to sign a city order for $300, allowed by the city council to relator for his services as city attorney. The case was tried before Searle, J., who found in favor of defendant. From a judgment entered pursuant to the findings, relator appealed. Reversed.

*Stewart & Brower* and *G. W. Stewart*, for appellant.

*E. F. Shaw*, for respondent.

[1] Reported in 85 N. W. 717.

COLLINS, J.

1. Trebby was eligible to the office of city attorney. He had not been admitted to practice as an attorney and counselor, but was a legal voter, qualified to vote for state officers at an election precinct in the city, and as such could become city attorney, in accordance with the express provision of the charter declaring that "all persons qualified to vote  *  *  *  shall be eligible to any municipal office herein constituted," the office of city attorney being among those constituted. It is the fact that among the duties prescribed in the charter to be performed by the city attorney is that of appearing for the city in all actions, civil or criminal, in which the city is interested; and it is also the fact that, unless admitted to the bar, Trebby would have no absolute right to appear as an attorney in any action pending in our courts of record. But whether or not he would be allowed to appear, under the circumstances, would be a matter for the court to determine in which the action might be pending; just as it is in the case of county attorneys, who, under the state constitution, need not be men who have been admitted to practice. State v. Clough, 23 Minn. 17. From the stipulation of facts it does not appear that there was any practical difficulty arising out of this provision in reference to the specified duties of this officer, for it stands admitted that Trebby assumed to perform the same, was recognized by the council, and was the only attorney for the city during the period of his incumbency. The plain provision of the charter which makes all voters eligible to municipal office cannot be set aside because it may be inferred that the courts will not recognize an appointee as duly authorized or qualified to appear in pending actions as attorney for the city.

2. The charter provides for the appointment of a city attorney by the common council, and that he

"Shall receive such salary as shall be fixed by the council at the time of his appointment." Sp. Laws 1889, p. 211 (c. 8, § 19).

There is another charter provision, of character as follows:

"All officers whose compensation is not specifically fixed herein, shall receive such reasonable salary as shall be designated by

ordinance of the council and approved by the mayor." Sp. Laws 1889, p. 214 (c. 8, § 39).

At the time of Trebby's appointment the city council fixed the salary by resolution, not by ordinance, and it is claimed that for this reason he is not entitled to the relief demanded. These two provisions seem to be somewhat at variance, but, we think, are easily reconciled. But, in any event, the special provision in relation to fixing the salary of the city attorney found in that section which authorizes the council to appoint such an officer must prevail, if there is a variance. The salary is to be fixed at the time of the appointment, and an examination of the charter provisions in respect to the passage of ordinances will clearly show that there could have been no intention to require the enactment and passage of an ordinance covering the salary of the city attorney, and the approval thereof by the mayor at the time or simultaneously with the appointment by the council. It would be almost impossible to pass and approve an ordinance at the prescribed time. The charter cannot be construed unreasonably, especially when such a construction would tend to inflict a wrong. The provision requiring salaries to be prescribed by ordinance has application to some of the elective and appointive officers, but not to the officer in question.

3. We do not consider the claim of counsel for the relator that the eligibility of Trebby to hold the office, or his right to the salary cannot be raised in this proceeding. We prefer to dispose of the case on the merits.

4. The mayor refused to sign a city order issued in due form, and countersigned by the city clerk, for the amount of Trebby's salary, on the grounds that the latter was ineligible to the office, and that his salary had not been legally fixed or determined. Neither of these grounds were valid, as we have decided, and, as the mayor in refusing to sign the order was guilty of a clear breach of official duty, he may be compelled to perform that duty by mandamus. On remittitur let a peremptory writ issue.

Judgment reversed.