## STATE ex rel. JOHN A. NORDIN v. AL. P. ERICKSON.[1]

### August 9, 1912.

### No. 17,785.[2]

**Primary election act — classifying candidates — validity.**

This appeal involves the validity of the provisions of the primary election statute of 1912 for classifying candidates on the primary ballot, when two or more persons are to be elected for the same office. *Held:*

1. Whatever the people have not, by their Constitution, incapacitated themselves from doing, they may do by their representatives in the legislature, unless it be an act forbidden by the Federal Constitution, and the provisions of the statute are valid unless they are so clearly repugnant to the Constitution as to leave no fair doubt as to their invalidity.

[1] Reported in 137 N. W. 385.
[2] Special session of the court.

---

Note.—As to constitutionality of primary election laws generally, see note in 22 L.R.A.(N.S.) 1136.

As to whether "primary elections" are elections, within Constitution or statute relating to elections generally, see note in 18 L.R.A.(N.S.) 412.

2. Our Constitution guarantees the right of a qualified elector to vote at any election, defines the qualifications of an elector, and the conditions of eligibility to office, which cannot be changed or added to by statute.

3. The legislature may make and impose such reasonable regulations which it deems necessary to secure a pure and orderly election and to guard against unfair combinations, undue influence, and coercion, although they may incidentally affect the right of an elector to vote or his opportunities for securing an election to office; but they must be reasonable, uniform, and impartial, and must not be such as to defeat indirectly the constitutional rights of an elector or unnecessarily obstruct the exercise thereof.

4. A primary election, which is purely of statutory origin, is the selection, by qualified voters, of candidates for the respective offices to be filled; but an election, which has its origin in the Constitution, is the selection by such voters of officers to discharge the duties of such offices. Statutory regulations applicable only to primary elections, which might be repugnant to the Constitution if extended to elections, are not necessarily invalid unless they are so onerous, unfair, or obstructive as practically to defeat the fair right of an elector to vote or to be elected to office.

5. The provisions, as to classifying of candidates, have not been extended to official election ballots, for they begin and end with the primary election statute.

6. The provisions of the primary election statute of 1912, as to classifying of candidates, are not repugnant to the guaranties of the Constitution as to the right to vote and eligibility to office, and the statute in this respect is not unconstitutional.

On the relation of John A. Nordin, a qualified voter of the city of Minneapolis, the district court for Hennepin county issued its alternative writ of mandamus directing respondent, as county auditor, to accept and file petitioner's affidavit of candidacy for the office of member of the legislature for the Forty-second legislative district, and that petitioner's name be placed upon the ballot at the primary election as candidate for such office without designation of class, or show cause why he had not done so. Relator interposed a general demurrer to the answer and return. The demurrer was overruled and the writ quashed, Hale, J. From the judgment quashing the writ relator appealed. Affirmed.

*John A. Nordin,* pro se.

*Lyndon A. Smith,* Attorney General, *Alexander L. Janes,* As-

sistant Attorney General, and *James Robertson,* County Attorney, for respondent.

START, C. J.

The relator resides in and is a qualified voter of the Forty-second legislative district, which is entitled to elect at large two members of the House of Representatives. Desiring to have his name placed on the primary election ballot as a candidate for representative from his district, he presented his affidavit to the respondent as county auditor, which was sufficient in form and substance to authorize the placing of his name on such ballot, except that it did not designate the class and number in which he desired to file and become a candidate, as provided by Laws 1912, p. 4, c. 2, § 2. The respondent refused to accept and file the affidavit for the sole reason that it did not so designate the class and number. Thereupon, on the petition of the relator, an alternative writ of mandamus issued out of the district court of the county of Hennepin requiring the respondent, as county auditor, to accept and file the affidavit of candidacy on payment of the filing fee or to show cause why he had not done so. The respondent appeared and alleged in his answer the failure of the relator to comply with the statute in the respect indicated. The relator interposed a general demurrer to the answer, which the trial court overruled. Judgment was accordingly entered quashing the writ, from which the relator appealed. His appeal involves the validity of the primary election law of 1912 in so far as it provides for classifying or grouping candidates on the primary ballot, when two or more persons are to be elected for the same office.

The provisions of the statute relevant to this question are these:

"When two or more persons are to be elected for the same office, at a general election running at large in a city, county, district or in this state, such offices shall be classified and numbered as hereinafter provided and the nonpartisan nominees to be placed upon the general election ballot shall be the two candidates in each such class who shall receive the highest number of votes at such primary election. * * * Where there are two or more offices to be filled by candidates running at large in a city, county, district or in the state, such

offices shall be classified and numbered one, two, etc., using as many classes and numbers as there are offices at large to be filled.   *   *   * The officer preparing said ballot shall provide as many classes and numbers as there are offices at large to be filled.  Every person when filing as a candidate for the nomination for any such office shall designate in his affidavit the number and class in which he desires to file and become a candidate and his name shall be placed on the ballot in such designated number and class.  Such classes shall be rotated upon the ballots in the same manner as provided by law for the rotation of names of candidates.   *   *   *   The name of the candidate who has filed for such office, or who shall file for the same, shall not be placed on the ballot if he shall fail, neglect or refuse to designate the class and number in which he desires to file and become a candidate, as hereinbefore provided."

The contention of the relator, stated in general terms, is that these statutory provisions are void because they violate the state and Federal Constitutions.  The record presents no Federal questions.  See State v. Weber, 96 Minn. 422, 105 N. W. 490, 113 Am. St. 630, and State v. Scott, 110 Minn. 461, 126 N. W. 70, and same case in 219 U. S. 582, 31 Sup. Ct. 469, 55 L. ed. 345, dismissing a writ of error to this court.  This leaves for our decision only the question whether the statutory provisions in question are forbidden by our state Constitution, for whatever the people have not by their Constitution incapacitated themselves from doing they may do by their representatives in the legislature, unless it be an act forbidden by the Federal Constitution.

The constitutional provisions relevant to the question are sections 1, 6, and 7 of article 7 of the Constitution of this state, which are to the effect following:  Every qualified voter shall be entitled to vote at any election, in the election district of which he shall at the time have been for thirty days a resident, for all offices that now are, or hereafter may be, elective by the people.  All elections shall be by ballot except for such town officers as may be directed by law to be otherwise chosen.  Every person entitled to vote at any election shall be eligible to any office elected by the people in his election district, except as otherwise provided by this Constitution or the Constitution or laws

of the United States. These constitutional provisions guarantee the right of a qualified elector to vote at any election, define the qualifications of an elector, and the conditions of eligibility to office, which cannot be changed or added to by statute. State v. Clough, 23 Minn. 17; State v. Holman, 58 Minn. 219, 59 N. W. 1006; State v. Bates, 102 Minn. 104, 111, 112 N. W. 1026, 12 An. Cas. 105.

The Constitution does not attempt to regulate the exercise of the right of eligibility to office or to vote, but they are, of necessity, left for legislative action. Therefore the legislature may make and impose such reasonable regulations and conditions which it deems necessary to secure a pure and orderly election and to guard against unfair combinations, undue influence, and coercion, although they may incidentally affect the right of an elector to vote, or his opportunities for securing an election to office. Such regulations, however, must be reasonable, uniform, and impartial; they must not be such as to defeat indirectly the constitutional rights of an elector or unnecessarily obstruct the exercise thereof. State v. Holman, supra; State v. Moore, 87 Minn. 308, 92 N. W. 4, 59 L.R.A. 447, 94 Am. St. 702.

The question then is whether the provisions of the primary election statute, as to grouping candidates, are, when tested by the rule stated, so clearly and palpably repugnant to the guaranties of the Constitution, with reference to the right to vote and eligibility to office, as to leave no fair doubt of their invalidity.

In considering this question we must keep in mind that our primary election, which is purely of statutory origin, is the selection, by qualified voters, of candidates for the respective offices to be filled, while an election, which has its origin in the Constitution, is the selection, by such voters, of officers to discharge the duties of the respective offices; and that statutory regulations applicable only to a primary election, which might be repugnant to the Constitution if extended to elections, are not necessarily invalid unless they are so onerous, unfair, or obstructive as practically to defeat the fair right of an elector to vote or to be elected to office. State v. Johnson, 87 Minn. 221, 91 N. W. 604, 840; State v. Moore, supra; State v. Scott, 99 Minn. 145, 108 N. W. 828.

In the case first cited it was held that, although the statute failed

to provide for a blank space on the primary ballot, so that an elector could vote for any eligible person as a candidate he pleased, nevertheless the statute in this respect was a reasonable regulation and constitutional for the reason that it dealt with nominations for office and not with elections to office.

In the second case cited the constitutionality of Laws 1901, p. 304, c. 216, § 9, which prohibited a defeated candidate at a primary election from having his name placed on the official ballot as an independent candidate, was involved, and the statute was held to be valid and a fair and reasonable regulation and restriction, since there was a blank space on the official ballot, in which any elector might write the name of the defeated candidate and thus enable him to be elected, if he received the requisite number of votes.

Whether the provisions of the primary statute classifying or grouping candidates would be constitutional if extended to official election ballots, we neither consider nor decide, for the reason that such provisions have not been so extended; they begin and end with the primary statute; and, further, that the names of candidates selected at the primary election from any class or group must be placed upon the official election ballots under the general election statutes and in the same manner as the names of other candidates nominated at the primary election, except that those belonging to the nonpartisan class are not entitled to any party designation. R. L. 1905, §§ 182, 201; Laws 1912, p. 4, c. 2, § 2, and p. 53, chapter 12.

The relator, however, contends that the primary election law (Laws 1912, c. 2) is an election within the meaning of the Constitution, and that the decisions of this court to which we have referred were based upon a statute materially different from the one here under consideration in that by it party affiliations have been eliminated as to officers classified as nonpartisan. This does not affect the fundamental distinction, to which we have referred, between an election and a primary election, a regulation of the right to vote. It is also to be noted in this connection that the first twelve sections of the act of 1912 are amendments to the original primary election law (sections 181, 182, 184, 186, 187, 189, 193, 196, 197, 199, 200, and 201, R. L.

1905) and must be so construed. The decisions referred to are therefore in point, and we adhere to them.

It is urged by the relator that the provision of the primary law providing for classification imposes conditions and restrictions as to an elector's eligibility to office, in violation of the Constitution, as it forces him to elect in which one of two or more classes he will seek a nomination. This does not affect his eligibility to office at the election, for the reason that the blank space required to be left on all official election ballots enables him to aspire to the office and invite his fellow citizens to vote for him by writing his name in the blank spaces on the ballots. State v. Moore, supra; State v. Bates, supra.

The relator further contends that he was denied the right to file as a candidate because he refused to designate the class in which he desired to file, which disfranchises him, contrary to our Bill of Rights (article 7, § 7, state Constitution). He and every other elector might with equal force claim that they were disfranchised because they refused to pay the filing fee, or to comply with any other reasonable regulation, of the exercise of the right to be elected to office. The claim of disfranchisement, so far as it relates to the primary election statute, is without merit.

Again, it is urged that the classification provision deprives the elector of his constitutional right to vote for any eligible person for office he pleases. The fact that the provision for classification does not extend to the official ballot brings this case within the rule of State v. Johnson, supra, and the other cases cited, and this contention of the relator must be and is overruled.

The last contention is to the effect that the classification made by the statute, as to cities of the first class and those having home rule charters, is an arbitrary one; hence it is unconstitutional. We are of the opinion that the classification is one within the reasonable discretion of the legislature, and that it is valid. State v. Scott, 110 Minn. 461, 126 N. W. 70.

We have attentively considered all the claims and suggestions of counsel in the premises, but the necessity for a prompt decision prevents a fuller discussion of them. Our conclusion is, and we so hold, that the provisions of the primary election statute of 1912, as to

classifying of candidates, are not repugnant to the guaranties of the Constitution as to the right to vote and eligibility to office, and that the statute in this respect is not unconstitutional.

Judgment affirmed.

BUNN and HOLT, JJ., took no part.