For reasons stated on the former appeal the judgment is affirmed, and it is so ordered.

---

## STATE ex rel. CHARLES B. JACK v. JULIUS A. SCHMAHL and Another.[1]

### May 26, 1914.

### Nos. 18,848—(282).

**Candidate for judge must be learned in the law.**

Under the state Constitution (art 6, § 6) a person not an attorney at law is ineligible as a candidate for supreme or district court judge. [Reporter.]

Upon the verified petition and motion of Charles B. Jack, a candidate for nomination at the primary election for the office of judge of the Nineteenth judicial district, this court granted an order directing Julius A. Schmahl, as secretary of state of the state of Minnesota, and J. T. Mider, to show cause why the court should not issue its order, directing said secretary of state not to certify the name of respondent Mider to the several county auditors of the several counties comprising the Nineteenth judicial district, as one of the nonpartisan nominees for the office of district judge in that district to be placed upon the official ballot to be used at the November, 1914, election. Motion granted.

*Manwaring & Sullivan*, for petitioner.

*Lyndon A. Smith*, Attorney General, *Clifford L. Hilton*, Assistant Attorney General, for Julius A. Schmahl.

*J. T. Mider*, pro se.

PER CURIAM.

It has been duly made to appear that on April 24, 1914, respondent J. T. Mider, a layman, for the purpose of having his name placed on the nonpartisan primary ballot as a candidate for the office of judge of the district court of our Nineteenth judicial district, at the primary election to be held on June 16 next, filed with the secretary of state an affidavit in this regard in the form prescribed by G. S. 1913, § 339, and paid the requisite fee. This statute authorized only

[1] Reported in 147 N. W. 425.

"eligible" persons to file as candidates, and we hold respondent Mider ineligible as a candidate for district judge. Our Constitution (article 6, § 6) provides: "The judges of the supreme and district courts shall be men learned in the law."

Beyond question the framers of the Constitution used the last five words quoted in the sense of attorneys at law, and this view has since been uniformly accepted. The few authorities on the subject are to the same effect. See Jamieson v. Wiggin, 12 S. D. 16; Freiler v. Schuylkill County, 46 Pa. Superior Ct. 58. The matter does not merit further discussion.

It is therefore ordered that respondent secretary of state refrain from certifying respondent Mider's name to the auditors of any of the counties of said judicial district as a nominee or candidate for the office of district judge thereof to be placed upon the official or general election ballot to be used at the next general election to be held November 3, 1914.