## STATE EX REL. WALTER N. CARROLL v. JULIUS A. SCHMAHL.[1]

Nos. 19,752, 19,764.

January 28, 1916.

**Presidential primary election—time of filing affidavit.**

1. Under the presidential preference primary election act, a candidate for delegate to the national convention of a political party cannot file his affidavit for candidacy with the secretary of state until there is a candidate for president whom he can specify in the affidavit as his choice. [Reporter.]

**Same.**

2. When the affidavit of a candidate for presidential elector, which stated the candidate's preference in respect to presidential candidates, was presented before the expiration of the time for filing names of candidates for president, the secretary of state properly declined to accept it. [Reporter.]

**Act valid.**

3. The presidential preference primary election act is constitutional. [Reporter.]

**Requisites of affidavit.**

February 8, 1916.

4. The affidavit of a candidate for delegate to such convention presented after expiration of the time for filing names of candidates for

[1] Reported in 156 N. W. 8, 116.

president must specify his choice among such candidates.    [Reporter.]
**Same.**
> 5. The affidavit of a candidate for presidential elector need not state
> that he pledges himself to vote for the person who was the state's
> choice at the primary in March.    [Reporter.]

Upon the application of relator, Walter N. Carroll, this court directed
the secretary of state to show cause why he should not place the name of
relator upon the ballot as a presidential elector at the coming primary
election, and also as a Republican candidate to the national convention
of that party.    Order to show cause discharged.

Subsequently relator obtained another order directing the secretary of
state to show cause why he should not place relator's name on the primary
ballot as candidate for delegate to the Republican national convention
and as a Republican candidate for presidential elector.    Respondent or-
dered to accept the affidavit of relator filing his name as a candidate for
presidential elector and place his name on the primary ballot as such
candidate.

*Hugh V. Mercer,* for relator.

*Lyndon A. Smith,* Attorney General, and *William J. Stevenson,* Assist-
ant Attorney General, for respondent.

January 28, 1916.

PER CURIAM.

Upon the application of the relator, Walter N. Carroll, the respondent,
the secretary of state, was required to show cause before this court why he
should not place the name of relator upon the ballot as a Republican
candidate for presidential elector at the coming presidential preference
primary election, and also as a Republican candidate for delegate to the
national convention of said party.

In response to the order to show cause the secretary of state assigns
as a reason for refusing to accept and file the affidavits of candidacy
presented by the relator that they do not comply with the statute.

As to relator's candidacy for delegate to the national convention of the
Republican party we think the respondent clearly right in refusing to
accept the affidavit. Section 1 of chapter 372, p. 507, Laws 1915, governs.
When the affidavit was tendered no one had filed a petition to become a
candidate for president and vice president, and the time for such filing

does not expire until February 3 next. The last clause in said section clearly indicates that no candidate for delegate can file until there is a candidate for president, whom he can specify in the affidavit as his choice. To this mode of selecting delegates to the national conventions we see no constitutional objection. It is essentially a primary election. State v. Erickson, 119 Minn. 152, 137 N. W. 385; Brown v. Smallwood, 130 Minn. 492, 153 N. W. 953.

As to relator's candidacy for presidential elector we are also of opinion that respondent properly declined to receive the filing affidavit. The law does not require candidates for electors to state a preference in respect to presidential candidates. The Federal Constitution gives the electors free choice, but tradition demands that they cast their votes for the party candidate for president, if the party succeeds in the state in the November election. In this case the affidavit states that a certain person is relator's choice for president. An electoral candidate may gain an undue advantage by adding matters not required by the statute to be incorporated in the affidavit. It is neither necessary nor expedient that more than what the law specifies be stated.

It may be true that the part of the affidavit, wherein the candidate must state "that he will, to the best of his judgment and ability, faithfully carry out the wishes and preferences of the voters of his political party as expressed by the voters at" the nominating election, is of doubtful application to one who offers himself as a candidate for presidential elector. But even if this applies to an electoral candidate, it means no more than tradition demands of him in respect to the performance of his duties in the electoral college.

The order to show cause is discharged.

February 8, 1916.

Per Curiam.

Relator again asks the court to require the secretary of state to place his name on the primary ballot as candidate for delegate to the republican national convention and as a Republican candidate for presidential elector.

As to his candidacy for delegate the facts are the same as on the former hearing, except that the application was made after the time for filing names of candidates for the presidency expired. Relator in his affidavit

does not specify his choice of the names so filed as candidates for president. The statute requires that he should do so. On the former hearing we held this statute constitutional and valid. We adhere to that decision. It follows that the secretary of state was right in refusing to accept relator's affidavit.

As to his candidacy for presidential elector, relator has, in the filing affidavit now presented, eliminated the feature which we held objectionable on the former hearing. The only objection raised to the present affidavit is as follows:

The statute reads that "any person * * * desirous of having his name placed upon the ballot as a candidate for presidential elector or delegate shall * * * file his affidavit * * * stating his residence, that he is a qualified voter * * * the name of his party * * * and * * * that he affiliated with such party at the last general election and * * * intends to so vote at the ensuing election and that he will, to the best of his judgment and ability, faithfully carry out the wishes and preferences of the voters of his political party, [as expressed by the voters at such nominating election]." The concluding words in brackets were omitted from relator's affidavit filed for elector.

In the former hearing we intimated an opinion that this language was intended to apply only to the affidavit filed by candidates for delegate. We hold that such was the manifest legislative intent. To construe this language as requiring that an elector to be elected in November should pledge himself to vote for the man who was state's choice at the primary held in March, but who may fail of nomination at the convention and not be a candidate at all at the November election, would be a result so absurd that only the most unequivocal language could be held to require it. We hold that the affidavit of relator presenting his name as a candidate for presidential elector is sufficient.

The order to show cause so far as it relates to the candidacy for delegate is discharged.

Ordered further that respondent accept the affidavit of relator filing his name as a candidate for presidential elector and place his name on the primary ballot as such candidate.