## PETER HOFFMAN v. R. W. DOWNS.[1]

### May 14, 1920.

### No. 21,509.

**Constitution — eligibility to elective office.**

1. The qualifications for eligibility to an elective office are prescribed by the Constitution, and it is beyond the power of the legislature either to restrict or to enlarge the right given by the Constitution.

**Applicable to constitutional and statutory offices.**

2. The constitutional provision applies to both constitutional and statutory offices.

**Statute violates the Constitution.**

3. Insofar as section 811, G. S. 1913, declares a county commissioner ineligible to the office of county auditor it violates the Constitution and cannot be given effect.

**When acceptance of one office equivalent to resignation of another.**

4. Where two offices are incompatible, acceptance of the second operates as a resignation of the first.

**Findings sustained.**

5. The evidence is sufficient to sustain the findings.

From the canvass of votes cast for county auditor in the county of Dakota at the general election on November 5, 1918, at which it was certified that 2,440 votes had been cast for contestant and 2457 for

[1]Reported in 177 N. W. 669.

145 M—30.

contestee, Peter Hoffman appealed to the district court for that county. The appeal was heard before Rockwood, J., who made findings and dismissed the appeal and contest. From the judgment entered pursuant to the order for judgment, contestant appealed. Affirmed.

*Albert Schaller, W. H. Gillitt* and *C. C. McElwee,* for appellant.

*D. L. Grannis,* for respondent.

TAYLOR, C.

The contestant and contestee were opposing candidates for the office of county auditor of the county of Dakota at the general election held in 1918. The county canvassing board found that the contestee had received a majority of all the votes cast for that office and declared him duly elected. The contestant contested the election, on the ground that the contestee had not received a majority of the legal votes cast at the election, and on the further ground that the contestee was not eligible for election to the office of county auditor. The trial court found against the contestant on both questions and rendered judgment in favor of the contestee. A somewhat belated appeal brings the contest before this court for review.

Both the contestant and the contestee have been residents and legal voters of Dakota county for many years. At the general election held in 1914, the contestant was duly elected county auditor of that county for a term of four years, beginning on the first Monday in January, 1915, and at the general election in 1918 was a candidate for another term. At the general election held in 1916, the contestee was duly elected one of the county commissioners of Dakota county for a term of four years, beginning on the first Monday in January, 1917, and duly qualified and was holding the office of county commissioner at the time he was elected county auditor. Section 811, G. S. 1913, provides:

"A county auditor shall be elected in each county, who shall hold his office for the term of (four) years from the first Monday of January next succeeding his election, and until his successor qualifies; but no county commissioner, county surveyor, or county treasurer shall be eligible to such office."

The contestant insists that this statute rendered the contestee ineligible to the office of county auditor, and that he, the contestant, is

entitled to hold over until an eligible successor has been elected or appointed and has qualified. The contestee contends that the statutory provision, declaring 'a county commissioner ineligible to the office of county auditor, conflicts with article 7, § 7, of the Constitution and is void. The constitutional provision reads as follows:

"Every person who by the provisions of this article shall be entitled to vote at any election shall be eligible to any office which now is, or hereafter shall be, elective by the people in the district wherein he shall have resided thirty days previous to such election, except as otherwise provided in this Constitution, or the Constitution and laws of the United States."

It is nowhere "otherwise provided" as to the office of county auditor.

The qualifications for eligibility to an elective office are prescribed by the Constitution, and it is beyond the power of the legislature either to restrict or to enlarge the right given and defined by the Constitution. State v. Clough, 23 Minn. 17; State v. Holman, 58 Minn. 219, 59 N. W. 1006. The constitutional provision prescribing the qualifications for eligibility to office applies to all elective offices—to those created by statute as well as to those created by the Constitution. State v. Holman, 58 Minn. 219, 59 N. W. 1006. And it follows that section 811, G. S. 1913, insofar as it attempts to render a county commissioner ineligible to the office of county auditor, impairs the right secured to every elector by the constitutional provision quoted and cannot be sustained. Whether it may be given effect as debarring an elector from holding both offices is not involved or considered, as it is conceded that the contestant resigned the office of county commissioner before his term as county auditor began. If is contended that the two offices are incompatible, and that the acceptance of the first operated as a relinquishment of the right to seek the second for that reason. This is the converse of the rule established by the great weight of authority. Where two offices are incompatible, the acceptance of the second operates as a resignation of the first. 22 R. C. L. p. 418, § 63, and cases there cited. The contestee was eligible to the office.

The contestant procured a recount of the ballots cast for county auditor at the election, and bases his claim that the contestee did not receive a majority of such ballots on the fact that this recount showed

that contestant had received a majority of the ballots. The trial court found that the ballots had been tampered with and changed before the recount, by parties unknown, and rejected the result of the recount for that reason, and further found that the contestee had received a majority of the votes cast and that the declaration of the result of the election made by the county canvassing board was true and correct. We find sufficient evidence to sustain these findings, and it follows that the contestee was duly elected.

Judgment affirmed.