# STATE 'EX REL. CLIFFORD L. HILTON, ATTORNEY GENERAL v. HENRY M. SWORD.[1]

November 30, 1923.

No. 23,733.

**Public offices with inconsistent functions are incompatible.**

1. Public offices are incompatible when their functions are inconsistent, their performance ~resulting in antagonism and a conflict of duty, so that the incumbent of one cannot discharge with fidelity and propriety the duties of both. The office of treasurer of a school district and the office of county commissioner, in view of the duties of each relative to schools, are incompatible.

**State not estopped by attorney general's opinion.**

2. The state is not estopped from asserting their incompatibility because of an opinion from the office of the attorney general, given to the treasurer before he became a candidate for county commissioner, upon which he relied, that they were compatible. Nor was there a practical construction by the officers of the state acquiesced in by the public making applicable the doctrine of practical construction.

**First office vacated upon acceptance of incompatible office.**

3. The acceptance of a second incompatible office works a vacation of the first.

Upon the relation of the attorney general, the district court for Itasca county granted its writ of quo warranto commanding Henry M. Sword to show by what warrant he claimed the right to exercise jurisdiction as treasurer of School District No. 6. The matter was heard by Wright, J., who ordered judgment in favor of relator. From a judgment of ouster, respondent appealed. Affirmed.

*A. A. McOuat,* for appellant.

*Clifford L. Hilton,* Attorney General, *Rollin L. Smith,* Assistant Attorney General, and *Marshall A. Spooner,* for respondent.

[1] Reported in 196 N. W. 467.

DIBELL, J.

Writ of quo warranto issued by the district court of Itasca county on the relation of the attorney general to test the title of the respondent in the writ, Henry M. Sword, to the office of treasurer of School District No. 6 in Itasca county. From a judgment of ouster he appeals.

In 1922 Sword was the duly elected treasurer of School District No. 6 in Itasca county. In November, 1922, he was elected county commissioner. He qualified on the first Monday in January, 1923. The state claims that the two offices are incompatible and that by the acceptance of the second a vacancy was created in the first.

1. Public offices are incompatible when their functions are inconsistent, their performance resulting in antagonism and a conflict of duty, so that the incumbent of one cannot discharge with fidelity and propriety the duties of both. Kenney v. Goergen, 36 Minn. 190, 31 N. W. 210; State v. Hays, 105 Minn. 399, 117 N. W. 615.

The duties of members of a county board and of members of a school district board are administrative and legislative in character. A member must exercise his best judgment in behalf of the board of which he is a part. The county board has to do with the organization of school districts; it may change their boundaries; it proceeds upon notice to the school district; it hears evidence and exercises judgment; it apportions debts and property; and an officer of a school district may in certain cases appeal to the district court. G. S. 1913, §§ 2672-2680. A member common to both boards is not in a position to render such service as the law exacts. There is antagonism between the boards and an inconsistency in one officer acting for both. The antagonism is illustrated by Laws 1919, p. 232, c. 236, in force when this proceeding was instituted but repealed before its conclusion. There the school board was authorized to petition the county board for the annexation of land in a special instance. The offices of school district treasurer and county commissioner are incompatible. A number of cases are collected in L. R. A. 1917A, 211, 216.

2. The respondent in the writ claims that the state is estopped from asserting the incompatibility of the two offices, or if not so that the doctrine of practical construction has a like effect.

Before he became a candidate for the office of county commissioner he communicated with the office of the attorney general, received an opinion, referring to one given many years before, that the two offices were not incompatible, and he relied thereon.

The estoppel claimed is not at all like that sustained in State v. Village of Harris, 102 Minn. 340, 113 N. W. 887, 13 L. R. A. (N. S.) 533, 12 Ann. Cas. 260, where the state acquiesced for more than 16 years in the validity of a village incorporation. Nor is it like State v. School District, 85 Minn. 230, 113 N. W. 887, where the state recognized and did business with an irregularly organized school district. In each of these cases it was held in effect that the state had waived its right to insist upon the forfeiture of corporate franchises.

Nor can the respondent successfully invoke the doctrine of practical construction as determinative of his right. It is held, often to support a conclusion reached rather than as the basis of the conclusion, that a practical construction of a statute by the executive officers of the state in which the public has acquiesced is forceful and may be controlling. In re Boutin, 149 Minn. 148, 182 N. W. 990, and cases cited; In re Thorne, 145 Minn. 412, 177 N. W. 638, and cases cited; 3 Dunnell, Minn. Dig. § 8952. There is no practical construction here. The legislature has said nothing about the compatibility of the two offices. It fixed the duties of each and stopped. Whether they are compatible is a question of law. There has been no general recognition by the executive officers of the state acted upon or acquiesced in by the public which prevents an interpretation unaffected by the doctrine of practical construction. The opinion of the attorney general upon questions properly submitted to him is entitled to and receives careful consideration and has weight. In its reply the state alleges that the opinion given to the respondent was recalled before he accepted the office of commissioner. The decision of the trial court was made on the state's motion for judgment on the pleadings, so that the averment does not stand admitted. The attorney general now contends that the two offices are incompatible because of the duties cast upon the incumbent by both of the statutes which we have cited; and we concur in his view.

3.  The acceptance of a second incompatible office works a vacation of the first.  Hoffman v. Downs, 145 Minn. 465, 177 N. W. 669; 1 Dillon, Mun. Corp. § 417; L. R. A. 1917A, 211, 225; 22 R. C. L. 418. The respondent in the writ was properly ousted from the office of treasurer of the school district.

Judgment affirmed.