STATE EX REL. PAUL A. FROEHLICH v. GEORGE J. RIES
AND OTHERS.[1]

June 11, 1926.

No. 25,682.

**Court commissioner need not be an attorney at law.**
> To be eligible to the office of court commissioner a person need not
> be an attorney at law. That part of G. S. 1923, § 247, requiring court
> commissioners to be learned in the law is unconstitutional.

Court Commissioners, 15 C. J. p. 681 n. 8.
Officers, 29 Cyc. p. 1376 n. 23.

On the petition of Paul A. Froehlich an order was issued by this
court directed to George J. Ries, county auditor of Ramsey county,
and others, directing them to show cause why the auditor should
not be directed not to certify the names of Galvin, Gallick and Doyle
as candidates for court commissioner at the primary election to be
held on June 21, 1926. Order discharged.

*Frank J. Danz*, for petitioner.

*Harry H. Peterson, R. A. Macdonald, Oppenheimer, Dickson, Hodgson, Brown & Donnelly, Denegre, McDermott & Stearns* and *John H. Horeish*, for respondents.

WILSON, C. J.

The petitioner, Paul A. Froehlich, an attorney at law and qualified
elector in Ramsey county, Minnesota, is a candidate for the office
of court commissioner in said county. Respondent George J. Ries
is county auditor of said county. Respondents Michael J. Galvin,
Henry Gallick and Leo P. Doyle, who are electors in said county
but not attorneys at law, are also candidates for the office of court
commissioner.

[1]Reported in 209 N. W. 327.

Pursuant to G. S. 1923, § 316, the petitioner herein procured an order directed to the respondents requiring them to show cause why an order should not issue out of this court directing the county auditor not to certify the names of Galvin, Gallick and Doyle as candidates for said office to be placed on the official ballot to be used in the primary election on June 21, 1926. Each of the respondents filed a return.

The only question presented is whether a person not an attorney at law can hold the office of court commissioner in this state.

G. S. 1923, § 247, says: "Court commissioners shall be men learned in the law." Article 6, § 6, of the state Constitution specifies that judges of the supreme and district courts shall be men "learned in the law." This language is construed as meaning attorneys at law. State v. Schmahl, 125 Minn. 533, 147 N. W. 425.

Article 7, § 7, of the state Constitution says:

"Every person who by the provisions of this article shall be entitled to vote at any election shall be eligible to any office which now is, or hereafter shall be, elective by the people in the district wherein he shall have resided thirty days previous to such election, except as otherwise provided in this constitution, or the constitution and laws of the United States."

The qualifications of a court commissioner are not otherwise provided in the Constitution which does otherwise provide for the qualifications of judges of the supreme and district courts. In fact they are the only offices for which the Constitution requires additional qualifications. A county attorney need not be a lawyer. State v. Clough, 23 Minn. 17.

The legislature cannot impose greater restrictions or exact other qualifications for eligibility to constitutional offices than are prescribed in the Constitution. State v. Holman, 58 Minn. 219, 226, 59 N. W. 1006; State v. Erickson, 119 Minn. 152, 156, 137 N. W. 385; Saara v. Gleason, 126 Minn. 378, 382, 148 N. W. 293; Hoffman v. Downs, 145 Minn. 465, 177 N. W. 669. It follows that the part of G. S. 1923, § 247, requiring court commissioners "shall be learned in the law" is unconstitutional.

The order to show cause is discharged and the proceedings herein dismissed.