## SAMUEL P. WOODS *v.* THOMAS TREADWAY, AUDITOR OF THE TERRITORY OF HAWAII.

### No. 1993.

SUBMITTED MARCH 6, 1931.                    DECIDED MARCH 12, 1931.

PERRY, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY PERRY, C. J.

This is a submission, under the statute, of a controversy upon a statement of agreed facts.

For some time prior to January 1, 1928, the petitioner had been the duly appointed deputy assessor of taxes for the district of North Kohala, which is a part of the County of Hawaii and of the third taxation division. On January 2, 1928, while still deputy assessor of taxes, the petitioner qualified as one of the supervisors of the County of Hawaii to which office he had been elected at the general election of January, 1927. Thereafter he continuously held both offices until and including the month of December, 1930. The respondent as auditor of the Territory refused to issue to the petitioner a warrant for his salary of $225 as deputy

assessor for the month of December and petitioner has not received the salary for that month. The controversy between the parties is as to whether the petitioner legally held the office of deputy assessor for the month of December, 1930. It is stipulated that if the petitioner's tenure of the office of deputy assessor during the month named was lawful the respondent shall be directed to issue to him a warrant for the sum of $225 as salary; and that if the contentions of the respondent are sustained "judgment shall be rendered against complainant, and for costs."

The contention advanced on behalf of the respondent that the petitioner did not lawfully hold the office of deputy assessor during the month of December, 1930, because of the provision of section 1612, R. L. 1925, that "no person shall hold more than one office at the same time except as herein specially provided" cannot be sustained. That section is a part of chapter 116 which deals with county government alone,—as did also Act 39, L. 1905, the original enactment which is now chapter 116 of the Revised Laws. Chapter 116 and Act 39 both relate merely to the form and the method of government for the counties. Both are divided into chapters, one, for example, being entitled "County Boundaries," another "General Powers, Liabilities and Limitations of Counties," and others "County Seats," "County Officers," "Election of Officers," "Qualifications of Officers" and "Bonds" of officers. It is obvious that all of these subtitles, like the Act itself, contain provisions relating to the county government alone and its officers. When the legislature said that "no person shall hold more than one office at the same time" it meant, we think, that no person in the service of a county should hold more than one county office at the same time.

Another contention advanced on behalf of the respondent is that the offices of supervisor of the County of Hawaii and of deputy assessor of taxes for the district of

North Kohala are incompatible. At common law offices were deemed to be incompatible when their functions were inconsistent. 46 C. J. 941, 942. "The inconsistency, which at common law makes offices incompatible, does not consist in the physical impossibility to discharge the duties of both offices, but lies rather in a conflict of interest." *Ib.*, 942. "The principal difficulty that has confronted the courts in cases of this kind has been to determine what constitutes incompatibility of offices and the consensus of judicial opinion seems to be that the question must be determined largely from a consideration of the duties of each, having, in so doing, a due regard for the public interest. * * * It is held that incompatibility in offices exists 'where the nature and duties of the offices are such as to render it improper, from considerations of public policy, for an incumbent to retain both.' " *State* v. *Wait*, 92 Neb. 313, 323, 324. "Public offices are incompatible when their functions are inconsistent, their performance resulting in antagonism and a conflict of duty, so that the incumbent of one cannot discharge with fidelity and propriety the duties of both." *State* v. *Sword*, 157 Minn. 263, 264.

It is one of the duties of the supervisors of the County of Hawaii under the statute to ascertain the needs of the county for each year for "current expenses," for "permanent improvements" and for "interest and sinking fund for general county bonds," and to inform, each year, the territorial treasurer and the assessor of the taxation division in which the county is included of the amount needed by the county for those purposes. It thereupon becomes the duty of the assessor for the division to raise that amount of money by taxation, in so far as it can be done with a tax at a rate not higher than the maximum of one per cent prescribed by statute. The revenue thus desired by the supervisors is raised by a tax on real and personal

property. It is the duty of the assessor for the division and of each deputy assessor for parts of that division to assess or fix the valuation of each piece of property in the division or the district as the case may be for purposes of taxation. The law is that all property must be assessed at its full cash value. The interest and the duty of the supervisors as a whole and of each supervisor is to secure, if possible, the funds needed by the county. It is the duty of each deputy tax assessor to assess each item of property at its full cash value, that much and no more,—without considering, in the doing of it, the amount of money which the county needs for the ensuing year. It is indeed conceivable that a person who is strictly honest and has the requisite ability and judicial temperament may be able to perform both duties as they should be performed; but the conflict of interest and of duties exists in such a case as that at bar. The purpose of the law in recognizing and enforcing the principle relating to incompatibility of offices, is to see to it that a public officer shall feel at liberty to exercise his opportunities and his abilities in that office wholly uninfluenced, consciously or unconsciously, by any conflicting interest or duty. A deputy assessor of taxes, even though for a district only and not for the whole county, should be at liberty to devote his attention and his talents solely to ascertaining what the full cash value of property is, irrespective of the extent of the financial needs of the county. He should not be hampered or his judgment of full cash values influenced by the thought of what that county requires of which he is a supervisor.

The inconsistency would be clearer, but not any more real, if, as might well be the case, each and all of the supervisors of a county were at the same time deputy assessors of taxes (two of the supervisors of the County of Hawaii are in fact now deputy assessors). Would public interest permit such a situation? Clearly not.

In our opinion the offices of supervisor of the County of Hawaii and deputy assessor of taxes for the district of North Kohala are incompatible and the petitioner in the month of December, 1930, did not lawfully hold them both. Judgment in accordance with the terms of the stipulation and of this opinion.

*Smith, Warren, Stanley & Vitousek* for complainant.

*H. R. Hewitt,* Attorney General, and *C. N. Tavares,* Second Deputy Attorney General, for respondent.