STATE EX REL. HUGO BOEDIGHEIMER v. WILLIAM L. WELTER.[1]

September 27, 1940.

No. 32,516.

[1]Reported in 293 N. W. 914.

*Jesse A. Schunk,* for appellant.
*M. J. Daly, Jr.* and *Frankberg & Berghuis,* for respondent.

GALLAGHER, CHIEF JUSTICE.

On the petition of Hugo Boedigheimer, a writ of *quo warranto* issued out of the district court of Otter Tail county requiring respondent, William L. Welter, to show by what authority he assumed to exercise jurisdiction as municipal judge of the village of Perham. On the pleadings the trial court ordered the writ vacated and the proceedings dismissed. This appeal is from a judgment entered pursuant to that order.

The municipal court in question was established by Ex. Sess. L. 1933-1934, c. 35. Section 2 thereof reads:

"Said Court shall possess all the powers and, except as to the manner of its establishment and as herein otherwise provided, shall be subject to all of the provisions set forth in that portion of General Statutes 1923, Chapter 5, relating to Municipal Courts and acts amendatory thereof and supplementary thereto."

Section 3 reads:

"The Judge of the Municipal Court shall be a resident of the Village of Perham and a qualified elector therein, a person learned in the law and duly admitted to practice as an attorney in this State. Nothing in this Act shall be construed so as to disqualify or prevent the Municipal Judge from practicing as an attorney or counselor in any court of this State, except in said Municipal Court."

The only question in the case now before us has to do with the constitutionality of that part of § 3 of the act which provides that the judge of the court shall be "a person learned in the law and duly admitted to practice as an attorney in this state." The words "men learned

in the law" have been construed by this court to mean "attorneys at law." State ex rel. Jack v. Schmahl, 125 Minn. 533, 534, 147 N. W. 425, 426.

As bearing upon the constitutionality of the section of the law under attack, it is necessary to consider two applicable provisions of our state constitution. They are art. 6, § 6, which reads:

"Judges of supreme and district courts—Qualifications— Compensation—The judges of the supreme and district courts shall be men learned in the law, and shall receive such compensation at stated times as may be prescribed by the legislature; which compensation shall not be diminished during their continuance in office, but they shall receive no other fee or reward for the services."

And art. 7, § 7, which reads:

"Eligibility to office—Every person who by the provisions of this article shall be entitled to vote at any election shall be eligible to any office which now is, or hereafter shall be, elective by the people in the district wherein he shall have resided thirty days previous to such election, except as otherwise provided in this constitution, or the constitution and laws of the United States."

This court has held that a person need not be an attorney nor admitted to practice as such in any of the courts of the state to be eligible to the office of county attorney. State ex rel. Knappen v. Clough, 23 Minn. 17. It has also held that a city attorney need not be a duly admitted attorney at law. State ex rel. Trebby v. Nichols, 83 Minn. 3, 85 N. W. 717. Neither case directly involves statutory provisions fixing the qualifications for such offices.

The decision of this court in State ex rel. Froehlich v. Ries, 168 Minn. 11, 209 N. W. 327, disposes of the question involved herein and is controlling. G. S. 1923, § 247, before the court for construction in that case, in part, provides:

"Court commissioners shall be men learned in the law, and shall have and may exercise the judicial powers of a judge of the district court at chambers."

It was there held that the part of G. S. 1923, § 247, requiring that court commissioners "shall be men learned in the law" was unconstitutional. There were even stronger reasons for holding the statute there involved constitutional than exist in the present case, for the statute creating the office of court commissioner expressly permitted that officer to exercise the judicial powers of a judge of the district court in chambers. As stated by the court in State ex rel. Froehlich v. Ries, 168 Minn. 11, 12, 209 N. W. 327, the legislature cannot impose greater restrictions or exact other qualifications for eligibility to constitutional offices than are prescribed in the constitution. State ex rel. Childs v. Holman, 58 Minn. 219, 226, 59 N. W. 1006; State ex rel. Nordin v. Erickson, 119 Minn. 152, 156, 137 N. W. 385; Saari v. Gleason, 126 Minn. 378, 382, 148 N. W. 293; Hoffman v. Downs, 145 Minn. 465, 177 N. W. 669. While it is important that judges of all courts of record be persons "learned in the law," we are nevertheless without power to increase the qualifications prescribed by the constitution.

The judgment appealed from is affirmed.