# STATE v. BARBARA LINDGREN AND ANOTHER.

235 N. W. 2d 379.

October 31, 1975—No. 46168.

*Kenneth B. Peterson,* Leach Lake Reservation Legal Services Project, for petitioners.

*James R. Wilson,* Assistant County Attorney, for respondent.

PER CURIAM.

Petition for a writ of prohibition restraining the County Court of Clearwater County from enforcing its order setting trial in that court and to order that the trial be conducted before a judge who is "learned in the law." Writ denied.

As a result of an incident occurring on December 16, 1974, petitioners, Barbara Lindgren and Timothy Lindgren, were charged with numerous misdemeanor offenses, several of which are punishable by incarceration. Subsequent to the entry by each of a plea of not guilty to all charges and a request for a jury

---

trial, petitioners sought extraordinary pretrial relief from the Clearwater County Court, requesting the presiding judge to remove himself from the consideration and determination of the charges at the trial. The petition alleged that, as the presiding judge was not "learned in law," he was unable to preside over a trial which would satisfy Fourteenth Amendment due process and equal protection guaranties. The motion was denied and it was ordered that trial be set before the Clearwater County Court at its next jury term.

The appeal from this order to the Ninth Judicial District Court was dismissed upon the basis that the order was a nonappealable order. Rule 103.03, Rules of Civil Appellate Procedure. Petitioners now seek a writ of prohibition pursuant to Rule 120, Rules of Civil Appellate Procedure.

Directly at issue is the legislative scheme encompassed by the County Court Act, Minn. St. c. 487, with specific reference to the provision mandating that all judges be "learned in the law." Minn. St. 487.03, subd. 1. To satisfy this requirement, it has been held that such judges must be attorneys. State ex rel. Jack v. Schmahl, 125 Minn. 533, 147 N. W. 425 (1914).

The petitioners essentially contend that the complexities and myriad of constitutional safeguards now incorporated into the field of criminal law mandate a presiding judge's training in the law to guarantee both comprehension of the precise issue presented and an implementation of these safeguards. See, Gordon v. Justice Court for Yuba Jud. Dist. of Sutter County, 12 Cal. 3d 323, 115 Cal. Rptr. 632, 525 P. 2d 72 (1974), in which the court concluded that an attorney judge must preside over all criminal proceedings which concern offenses punishable by incarceration.

Petitioners assert also that the constitutional right to counsel becomes fully effective only when the presiding judge is trained to appreciate the nature of the proceedings.

In addition, petitioners contend that since there exists but a

few county court judges not learned in the law,[1] those charged with a misdemeanor violation in Clearwater County receive treatment unequal to that available in a county in which all judges are learned in the law. They further conclude that since "all felonies are tried in District Court and all District Court Judges are attorneys in Minnesota," classification of an offense as a misdemeanor results, in the instant case, in the application of lesser procedural standards. Argersinger v. Hamlin, 407 U. S. 25, 92 S. Ct. 2006, 32 L. ed. 2d 530 (1972); Mayer v. City of Chicago, 404 U. S. 189, 92 S. Ct. 410, 30 L. ed. 2d 372 (1971).

Based upon the comprehensive legislative scheme aimed at elimination of or protection from the abuses complained of, we must deny the writ.

Minn. St. 487.39, subd. 3, provides for a trial de novo in the district court if the presiding judge or judicial officer is not learned in the law.[2] This, while requiring a second trial of the matter, will conclusively provide the necessary safeguards attending a trial presided over by a judge who is learned in the law.

Neither this court nor the legislature is unmindful of the necessity of implementing all constitutional safeguards presently available throughout the conduct of criminal proceedings involving a charge punishable by incarceration. This is evident from the provisions for trial de novo. We need not, therefore, establish additional procedures within the county court system, as requested by petitioners, to allow the transfer of a matter such as the instant case to a judge who is an attorney.

Writ denied.

[1] In 1973, there were 10 county court judges who were not learned in the law. To date, there remain 5 county court judges in office pursuant to Minn. St. 487.03, subd. 1.

[2] Minn. St. 487.39, subd. 3, made no distinction between misdemeanors punishable by fine and those punishable by incarceration. However, Rule 28.01, subd. 1, Rules of Criminal Procedure, now in effect, entitles only a person finally adjudged guilty in county court of a *misdemeanor punishable by incarceration* to a trial de novo in district court if the lower court judge or judicial officer was not learned in the law.